## New Orleans Coffee Company v. Wilson-Butt Company.

(Decided November 23, 1920.)

### Appeal from McCracken Circuit Court.

Appeal and Error—Evidence.—Reversed because there was no competent evidence to support one of the counterclaims, and the issue as to it was erroneously submitted to the jury.

MOCQUOT, BERRY & REED for appellant.

WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

The appellant, New Orleans Coffee Company, sued the appellee, Wilson-Butt Company, to recover the amount of an account for goods, wares and merchandise, which it alleged, that it had sold and delivered to appellee, and for which the latter had failed to pay. The appellee by answer denied, that the amount of the account which it owed was the sum claimed in the petition, but, admitted, that it owed a certain sum by reason of appellant's sales and deliveries to it. The appellee made its answer a counterclaim and set-off against appellant, and averred, that at the time of the purchase of the goods and as a part of the contract, it agreed to purchase from appellant molasses of the value of $6,000.00, and to receive and pay therefor, in consideration of the agreement by appellant, that it would send its travelling salesman into the territory, wherein appellee did business, and sell for it the entire quantity of molasses, which the appellee had agreed to purchase and pay for, and that pursuant to the agreement the appellant delivered to it the molasses, which it received and paid for, but appellant had failed to perform its part of the contract by sending its traveling salesman into the territory, and selling the molasses for appellee, and by reason of the alleged breach of the contract by appellant, the appellee had suffered damages in the sum of $2,000.00.

The appellee, as a further cause of action against appellant, averred that appellant was indebted to it, in the sum of $333.52. The pleadings do not clearly indicate, probably, by reason of stenographic errors, on what account this indebtedness is claimed, but, it is concluded that the averment is, that the appellant is justly indebted

to appellee for the value of goods, which were sold and delivered to it by appellant, and which it had returned to appellant, and for the freight on such goods, and other items, and for which, it is averred that appellant had promised to pay, and that the value of such goods, the freights thereon and other items amounted to the sum claimed. The pleading recites that an itemized statement of such indebtedness is filed with it, but such statement seems never to have been filed.

The items of counterclaim were controverted by a reply, which however, did not have the effect of rendering the grounds of the claim for $333.52, any more clear. After the conclusion of the evidence, the court by a peremptory instruction directed the jury to find for appellant on the account sued on by it, the sum of $1,603.88, and submitted the items of counterclaim relied upon under instructions of which no complaint is now made, except as to the item of $333.52. The jury returned a verdict in favor of appellant for the sum directed, and for the appellee upon its counterclaims, the sum of $833.52, and the court in accordance with the verdict rendered a judgment in favor of appellant for the difference, which was $770.36.

The appellant seeks a reversal of the judgment upon two grounds.

(1) The verdict of the jury rendered upon the issue made as to the counterclaim for $2,000.00, on account of the alleged failure of appellant to perform its contract, with reference to the sale of the molasses, was flagrantly against the evidence.

(2) There was no evidence to support the counterclaim for the $333.52, and the court erred in submitting the issue to the jury.

(a) As to the first ground, the evidence will not be discussed, as another trial must be had, but suffice it say, upon the issue, it was sufficient to require its submission to the jury, but, whether sufficient to support the verdict for the amount found, can not be determined, as there is no way of knowing what sum the jury included in its finding on that account. The measure of damages defined by the court, in its instruction upon that subject, while objected to at the time by appellant, it now agrees with the appellee to be the correct measure, and therefore, any question as to its correctness, is not necessary to be considered.

(b) As to the second ground, the appellant objected to the instruction, which submitted the issue to the jury, and offered an instruction directing a finding in its favor, which was denied. The claim for $333.52, was mentioned by only one witness, in his testimony, and the witness was the manager for appellee. His statements are meager, contradictory and unintelligible. He neither attempts to nor deposes as a basis for the claim that there was any contract or arrangement of any kind, between appellee and appellant, by which appellant was to receive goods returned to it and pay or give credit therefor, nor does he depose to any condition under which appellee was authorized to return goods to appellant, which it had sold to appellee. The attorneys for appellee, in their brief, give their understanding of the transaction out of which the claim arose, to be, that the salesmen of appellant sent to appellee pretended orders for goods from customers, which the customers had not given, and therefore refused to accept the goods, when shipped to them, and that appellee was required to pay the freights upon such goods, and that the freights and the value of the goods made up the claim. We are unable, however, to gather such meaning from the evidence. The only conclusion to be drawn from the testimony is, that the claim is made up of the value of goods and the freights thereon, which were sold and shipped to customers by appellee, and by them returned to appellant, but for what reason the goods were returned to appellant is not shown, nor is it shown, why under such circumstances the appellant became indebted to appellee, unless it accepted and appropriated the goods, when shipped to it which is denied by the reply. Of course, if appellant received and appropriated the goods, which were the property of appellee it would owe the appellee therefor. The witness makes one statement to the effect, that the claim consisted in part for goods returned to appellant, and in part for goods "simply taken up." Who it was that "took up" these goods is not shown nor why it was done, nor is it shown how the "taking up" caused any indebtedness on the part of appellant. In other statements, the witness deposed that appellant had furnished to appellee "credit memorandums" for the items which make up the claim and appellee now had same and the customers who returned the goods had furnished appellee with bills of lading. When asked, if credit had been given for the items, the witness answered that the "invoice"

showed, but, what it showed is not stated nor is the "invoice" offered in evidence. If "credit memorandums" which, we assume are acknowledgments of appellant of the receipt of returned goods and the credits to be given therefor, were given by appellant to appellee, and are now in existenc, they are the best and only competent evidence, but, they were not offered. The witness offered what he deposed were copies of bills of lading, which appellee's customers had furnished it, but the originals are not offered nor accounted for, and the copies were excluded by the court, and are not embraced in the bill of exceptions, and hence there is no way to determine whether they show or contain any evidence to support the claim or to whom and from whom they indicate shipments. The witness, it is true, deposes that he has a personal knowledge of all the items, which go to make up the claim, but his other statements conclusively show, that he has no actual knowledge upon the subject, and his information as to any returned goods having been received by appellant, is gathered by him, if any knowledge he has, entirely from written memoranda executed by appellant, none of which was offered or appears in the evidence. This character of testimony was objected to, and hence there was no competent evidence, which authorized the submission of the issue, as to the claim, to the jury.

The judgment is therefore reversed, and cause remanded for other proper proceedings.